**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **JARREL LEE JOHNSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| **VS.** | : | **NO. 4:22-CV-00133-CDL-MSH** |
| | : | |
| **UNNAMED RESPONDENT,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

## ORDER

*Pro se* Petitioner Jarrel Lee Johnson, an inmate presently incarcerated in the Marlboro County Detention Center in Bennettsville, South Carolina, has filed a document that has been construed as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). On September 23, 2022, Petitioner was ordered to recast his Petition on the Court's standard form and to either pay the filing fee or submit a complete and proper motion for leave to proceed *in forma pauperis.* Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, Sept. 23, 2022, ECF No. 3.

The time for compliance passed without a response from Petitioner. Accordingly, Petitioner was ordered to respond and show cause why his Petition should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was again given fourteen (14) days to respond, and he was again warned that the failure to fully and timely comply with the Court's orders could result in the dismissal of his Petition. *See generally*

Order, Oct. 14, 2022, ECF No. 4.

The time for compliance has again passed without a response from Petitioner. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, his Petition is **DISMISSED without prejudice**.  *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA.  *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong.  *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court

dismissed habeas petition without prejudice for failing to comply with court orders).

Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA.   *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

 **SO ORDERED**, this **10th** day of **November, 2022**.


    S/Clay D. Land      
    CLAY D. LAND
    U.S. DISTRICT COURT JUDGE
    MIDDLE DISTRICT OF GEORGIA